UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR DAVID GARCIA,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2163

Hon. Hala Y. Jarbou

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.10.)[1] In an order entered on July 29, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas

[1] Petitioner has also filed a motion to expedite the Court's consideration of Petitioner's § 2241 petition. (ECF No. 3.) Because this opinion and accompanying judgment resolve this matter, Petitioner's motion (ECF No. 3) is moot.

corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 6.) Respondents filed their response on August 3, 2026, (ECF No. 7.)

## II. Factual Background

Petitioner is a native and citizen of Venezuela. (Pet., ECF No. 1, PageID.3) On November 8, 2022, the Department of Homeland Security (DHS) paroled Petitioner into the United States pursuant to 8 U.S.C. § 1182(d)(5) until November 8, 2023. (Pet., ECF No. 1, PageID.3; Interim Notice Authorizing Parole, ECF No. 7-3, PageID.176.)

On February 12, 2025, Petitioner was convicted of retail fraud, in violation of Mich. Comp. Laws § 750.356d(4). (Judgment of Sentence, ECF No. 7-4, PageID.179.)

On June 5, 2026, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (2026 Form I-213, ECF No. 7-1, PageID.166.) DHS placed Petitioner in removal proceedings by issuing Petitioner a Form I-862 Notice to Appear (NTA), charging Petitioner with inadmissibility under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," and "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (NTA, ECF No. 7-2, PageID.171–174.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Discussion

Petitioner claims that he has not been provided with a § 1226(a) bond hearing. (Pet., ECF No. 1, PageID.9.) Respondents counter Petitioner's arguments claiming that Petitioner is subject to mandatory detention under § 1226(c) because he was convicted of retail fraud. (Resp., ECF No. 7, PageID.155–156.)

Section 1226(c)(1)(E) provides, in relevant part, that "[t]he Attorney General shall take into custody any alien who . . . is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense." 8 U.S.C. § 1226(c)(1)(E). Unlike § 1226(a), which allows for release on bond, § 1226(c) stipulates that release from detention is available "only if the [noncitizen] is released for witness-protection purposes." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (internal quotation marks and citations omitted).

Here, there is nothing in the record to call into question Petitioner's 2025 conviction for retail fraud. Therefore, based on the record before the Court at this time, it does not appear that Petitioner is entitled to a bond hearing under § 1226(a).[2] Accordingly, the Court will dismiss the petition without prejudice on this basis.

---

[2] To the extent that Petitioner believes that his detention does not fall within the scope of § 1226(c), he may request a "*Joseph* hearing" in Immigration Court. *See Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999); *see also* 8 C.F.R. § 1003.19(a). At such a hearing, Petitioner would have the opportunity to "avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the [Government] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Jennings v. Rodriguez*, 583 U.S. 281, 289 n.1 (2018) (quoting *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003)).

## Conclusion

For the reasons discussed above, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: August 11, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE